## UNITED STATES v. DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK.

Docket No. 19396.

United States Court of Appeals Second Circuit.

Dec. 1, 1948.

Leonard J. Emmerglick of Washington, D. C., for petitioner.

William Watson Smith, of Pittsburgh, Pa., opposed.

Before L. HAND, Chief Judge, and SWAN and AUGUSTUS N. HAND, Circuit Judges.

PER CURIAM.

We dismissed the plaintiff's petition on October 28, 1947, because we thought that it was properly a part of a second possible appeal in the action, over which we should have no jurisdiction.[1] The Supreme Court granted certiorari, and reversed our order,[2] holding that, regardless of whether it would have jurisdiction over a second appeal—a question as to which it reserved judgment—the petition raised only the question whether the district court had acted in accordance with our mandate; and that this was not so inextricably enmeshed in a second appeal that we should not decide it, even though we shall not have jurisdiction over a second appeal itself. It remitted the case without any expression of opinion, for us to decide the petition on the merits.

The prayer for relief is twofold: (1) That we direct the district court to strike out from Article XII of the judgment a clause, which gives leave to "Alcoa" to apply to the district court "for a determination of the question whether it still has a monopoly of the aluminum ingot market in the United States"; and (2) that we direct the court to dismiss "Alcoa's" petition, filed in accordance with the leave so granted. The purport of the article as a whole may be compressed as follows: after the Surplus Property Administrator shall have propounded an overall plan for the disposal of government owned aluminum plants, the Attorney General may ask the district court (1) to dissolve "Alcoa" in whole or in part; (2) to enforce the plan, "if the same shall

---

1 United States v. Caffey, 2 Cir., 164 F. 2d 159.

2 334 U.S. 258, 68 S.Ct. 1035.

286

establish competitive conditions" in the industry; (3) for such other relief as will "establish" such conditions, if the plan does not; and, on its part "Alcoa" may ask the court to decide "whether it still has a monopoly of the aluminum ingot market." The plaintiff's position, as we understand it, is that the clause which gives leave to "Alcoa" to ask the court to decide whether it still has a monopoly, is equivalent to making that issue determine the question of dissolution. We do not so interpret it; it must be read in harmony with the leave given to the Attorney General which we have just quoted, and, when it is so read, the article as a whole conforms with our mandate, in which we tried to make it plain that the final judgment must secure the establishment of those "competitive conditions" which the Anti-Trust Acts, 15 U.S.C.A. § 1 et seq., demand. Dissolution is one remedy which may be necessary to that end; and in any event it will not depend upon the single issue whether "Alcoa" at the time of the judgment shall have a monopoly of the ingot market. On the contrary, it will depend upon what is "Alcoa's" position in the industry at that time: i. e., whether it must be divided into competing units in order to conform with the law. The continuance of the monopoly in ingot aluminum may in the court's judgment be enough to justify dissolution; but its absence will forbid neither dissolution, nor any other remedy. We, therefore, deny the prayer for the deletion of the challenged clause in Article XII.

We also deny the prayer to direct a dismissal of "Alcoa's" petition. The plaintiff apparently wishes the initiative to rest in its hands alone; but we know of no principle, either at law or in equity, that a defendant may not bring on an action or any proceeding in an action, for determination, when the plaintiff unreasonably delays doing so. If it be the plaintiff's understanding that it stands in this respect upon a footing different from that of a private suitor, we cannot agree. Only by virtue of the challenged passage in Article XII does "Alcoa" retain any power to stir the plaintiff to action; and it was within its rights to avail itself of that power as it did. Now that the Attorney General has also made use of the leave given him to move under Article XII, there is no reason why the court should not proceed to decide the two petitions together.

The petition is denied.